*Summons Issued*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANNIA

| | | |
|---|---|---|
| EMECO INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | Judge _____ |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| MICHIGAN TUBE SWAGERS, INC. | ) | |
| d/b/a MTS SEATING, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1:CV 04-2039

FILED
HARRISBURG

SEP 15 2004

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## COMPLAINT AND DEMAND FOR JURY TRIAL

For its complaint against the Defendant, Plaintiff alleges:

1.      Plaintiff Emeco Industries, Inc. ("Emeco") is a Pennsylvania

corporation having its headquarters at 2650 El Presidio, Long Beach,

California 90810 and its factory in Hanover, Pennsylvania.

2.      According to court documents filed by Defendant in other cases

in which it was a Plaintiff, Defendant Michigan Tube Swagers, Inc. d/b/a

MTS Seating, Inc. ("MTS") is a Michigan corporation having a principal

place of business at 7100 Industrial Drive, Temperance, Michigan 48182.

3.      This Court has personal jurisdiction over MTS and venue is

both proper and convenient to both parties.  MTS has offered infringing

products for sale in this District. As noted on its web site, MTS also has an MTS representative that calls in this District. Further, MTS has been involved in a number of civil actions in the Commonwealth of Pennsylvania, including five in which they were the listed Plaintiff.

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §271; trade dress infringement under section 43(a) of the Lanham Act, 15 U.S.C. §1125 and the common law of the Commonwealth of Pennsylvania.

5.     Jurisdiction over the subject matter of this action is conferred upon this Court by 28 U.S.C. §§1331 and 1338. This Court also has jurisdiction of the action under 28 U.S.C. §1332, as there is diversity of citizenship between the parties and, upon information and belief, the amount in controversy exceeds the sum of seventy-five thousand dollars, exclusive of interest and costs.

6.     Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400.

7.     This is an action for willful infringement of Emeco's design patents and trade dress which are more fully described herein, as well as for unfair competition. These design patents (hereinafter referred to as "the

patents-in-suit") protect the ornamental designs of seats that are sold by Emeco.

## BACKGROUND

8.      For approximately 60 years, Emeco has been engaged in the design, manufacture and sale of original, high quality chair designs. Emeco designs all of its own chairs using its own design capabilities that were developed at a significant expense. Emeco's chairs have been marketed and sold in this judicial district and elsewhere in interstate and foreign commerce using a marketing and sales network developed at a significant expense. Emeco's chair designs are highly regarded and well known in the relevant market for their high style and exceptional quality, and are identified with Emeco as their source. The seats at issue in this action are displayed in the permanent collection at the Museum of Modern Art. These Emeco chairs, therefore, are very famous and have achieved secondary meaning in the marketplace. Pictures of these Emeco chairs are provided in Exhibit "A", attached hereto.

9.      Defendant has engaged in a damaging, predatory campaign against Emeco by manufacturing, marketing, offering for sale and selling Emeco's chair designs. Attached hereto as Exhibit "B" is a picture of Defendant's infringing chair, which it calls the Micah Chair.

10.    On May 26, 2004, Emeco, through its counsel, sent the Defendant a cease and desist letter advising the Defendant of Emeco's intellectual property rights in and to Emeco's chair designs and demanding that the Defendant immediately cease manufacturing, promoting, distributing, reproducing, displaying, offering for sale and/or selling its Micah Chair. The Defendant, through its counsel, responded to this letter on July 20, 2004, denying any infringement. In response, Emeco reiterated its demands in a letter dated August 11, 2004, to which it received no response. Copies of these correspondences are attached hereto as Exhibit "C".

## FIRST CAUSE OF ACTION
### Infringement of U.S. Design Patent No. 458,467

11.    Emeco repeats and realleges each and every allegation contained in paragraphs 1-10 above.

12.    On June 11, 2002, United States Design Patent D458,467 ("the '467 patent"), was duly and lawfully issued to Emeco as the assignee of the inventors named therein, for the inventive ornamental design of a chair. A copy of the '467 patent is attached hereto as Exhibit "D".

13.    Emeco is the owner of the entire right, title and interest in and to the '467 patent and has the right to bring actions for infringement of the '467 patent and to recover damages therefor.

4

14.     MTS has infringed, and is presently infringing, the '467 patent by manufacturing, offering for sale and selling chairs that are substantially similar to the ornamental design protected by the '467 patent.

15.     MTS's infringement of the '467 patent is willful.

16.     Emeco has suffered monetary damages as a result of MTS' willful infringement of the '467 patent in an amount to be proven at trial.

17.     MTS' infringement of the '467 patent entitles Emeco to the issuance of a permanent injunction as more fully described in the prayer for relief.

## SECOND CAUSE OF ACTION
### Infringement of U.S. Design Patent No. 460,282

18.     Emeco repeats and realleges each and every allegation contained in paragraphs 1-17 above.

19.     On July 16, 2002, United States Design Patent D460,282 ("the '282 patent"), was duly and lawfully issued to Emeco as the assignee of the inventors named therein, for the inventive ornamental design of a chair.  A copy of the '282 patent is attached hereto as Exhibit "E"

20.     Emeco is the owner of the entire right, title and interest in and to the '282 patent and has the right to bring actions for infringement of the '282 patent and to recover damages therefor.

21.     MTS has infringed, and is presently infringing, the '282 patent by manufacturing, offering for sale and selling chairs that are substantially similar to the ornamental design protected by the '282 patent.

22.     MTS's infringement of the '282 patent is willful.

23.     Emeco has suffered monetary damages as a result of MTS' willful infringement of the '282 patent in an amount to be proven at trial.

24.     MTS' infringement of the '282 patent entitles Emeco to the issuance of a permanent injunction as more fully described in the prayer for relief.

## THIRD CAUSE OF ACTION
## Unfair Competition Under The Lanham Act §43, 15 U.S.C. §1125(a)

25.     Emeco repeats and realleges each and every allegation contained in paragraphs 1-24 above.

26.     The product design and configuration of Emeco's chairs employ a number of distinctive product features which, when taken together, constitute a non-functional trade dress recognizable by architects and decorators, and the consuming public at large.  The distinctive features of Emeco's chairs, when taken together, have also come to be identified with a single source, i.e. Emeco, by the consuming public and have therefore attained secondary meaning.

27.    Upon information and belief, Defendant has been well aware, since prior to its acts complained of herein, that the purchasing public recognizes and relies upon the trade dress of Emeco to identify Emeco's chair designs and to distinguish these goods from the goods of others, and has engaged and continues to engage in a willful, conscious and systematic practice of advertising, manufacturing, offering for sale and/or selling its copies which misappropriate the overall aesthetic appearance and trade dress of the Emeco chairs.

28.    Defendant's practices of advertising, manufacturing, offering to sell or selling lesser quality chairs which misappropriate Emeco's trade dress, are false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Emeco, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Emeco, causing injury to the sales, business reputation, and/or goodwill of Emeco in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

29.    Based on the above-described wrongful acts of Defendant, Emeco has incurred monetary damages in an amount presently unknown to Emeco.

30.    Emeco has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### False Advertising Under The Lanham Act §43, 15 U.S.C. §1125(a)

31.    Emeco repeats and realleges each and every allegation contained in paragraphs 1-30 above.

32.    Defendant's descriptions of the origin of its copies are false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities or geographic origin of Defendant's goods, services or commercial activities causing injury to the sales, business reputation and/or goodwill of Emeco in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

33.    Based on the above-described wrongful acts of Defendant, Emeco has incurred monetary damages in an amount presently unknown to Emeco.

34.    Emeco has no adequate remedy at law.

## FIFTH CAUSE OF ACTION
### Common Law Unfair Competition

35.    Emeco repeats and realleges each and every allegation contained in paragraphs 1-34 above.

36.     Defendant's actions, as described above, have caused and are likely to cause confusion with the established and superior rights of Emeco and otherwise unfairly compete with Emeco.  As such, Defendant's actions constitute unfair competition under Pennsylvania common law.

37.     Defendant's wrongful actions were committee with willful and wanton disregard for Emeco's rights.

38.     As a proximate result of Defendant's wrongful actions, Emeco has suffered commercial harm.

39.     Emeco has been and continues to be harmed irreparably by Defendant's actions and has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Emeco hereby demands a trial by jury.


## RELIEF REQUESTED

WHEREFORE, Plaintiff, Emeco, prays for judgment granting:

(A)     Under 35 U.S.C. §283 (Patents Act), 15 U.S.C. §1116 (Lanham Act) and/or the common law, preliminary and final injunctions enjoining the Defendant and all persons acting in concert or participation with it, or persons purporting to act on its behalf, including but not limited to any officers, directors, stockholders, partners, owners, agents, representatives,

distributors, employees, attorneys, successors, and assigns, and anyone receiving notice hereof, form:

    (1)    Advertising, manufacturing, inducing the manufacture or, distributing, selling, offering for sale, marketing, disclosing or promoting in any way any chair designed, manufactured and/or sold by Emeco, including those provided in Exhibit "A" attached hereto; and

    (2)    Continuing, pursuing, engaging or availing themselves of any contract or other business opportunity created or fostered either in whole or in part to advertise, manufacture, induce the manufacture of, distribute, sell, offer for sale, or promote in any way any chair designed, manufactured and/or sold by Emeco, including those provided in Exhibit "A" attached hereto.

(B)    Under 15 U.S.C. §1118, an order for the recall and destruction of all chairs embodying Emeco's trade dress or any colorable imitation thereof, within Defendant's or its agents' or distributors' control including the trade dress embodied in each of the chairs provided in Exhibit "A", and a further order that Defendant shall report, in writing, under oath, to the Court that such delivery and destruction occurred.

(C)   An award of Emeco's damages arising from Defendant's:

- violation of 35 U.S.C. §271, and treble damages for willful violation of the same under 35 U.S.C. §284;

- violation of 15 U.S.C. §1125 and treble damages for willful violation of the same under 15 U.S.C. §117; and

- unfair competition under the common law of Pennsylvania.

(D)   Under 35 U.S.C. §289 (design patents), 15 U.S.C. §1117 (Lanham Act), and/or the common law, an accounting and award of all profits derived from Defendant's acts of patent infringement, federal, state and common law trade dress infringement, false advertising, unfair competition, misappropriation and injury to the business reputation and goodwill of Emeco.

(E)   Costs of the action.

(F)   Reasonable attorneys' fees.

(G)     Such other and further relief against Defendant as the Court

may deem just, equitable and proper.

McNEES WALLACE & NURICK LLC

By _____
Harvey Freedenberg
Kimberly M. Colonna
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Telephone:  (717) 232-8000
FAX:          (717) 237-5300

Attorneys for Plaintiff
Emeco Industries, Inc.

Of Counsel:

Susan E. Farley, Esq.
Brett M. Hutton, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203
Telephone:  (518) 452-5600
Fax:          (518) 452-5579

Dated:  September 15, 2004





**HUDSON COLLECTION**   HUDSON CHAIR BY STARCK   WWW.EMECO.NET






### HUD
**Hudson Chair**

W  16.75"  43cm
D  19.5"  50cm
H  33.5"  85cm
SH  18"  46cm
WT 8.25#  3.74kg

Brushed or polished aluminum
Powder coat colors




### HUD-A
**Hudson Armchair**

W  20.75" 53cm
D  19.5"  50cm
H  33.5"  85cm
SH  18"  46cm
WT 10#  4.54kg

Brushed or polished aluminum
Powder coat colors



### HUDBAR-30
**Hudson Barstool**

W  17.75" 45cm
D  21.25" 54cm
H  43"  109cm
SH 29.5"  75cm
WT 10#  4.54kg

Also available counter height
Brushed or polished aluminum
Powder coat colors



### HUDBAR-30A
**Hudson Barstool with Arms**

W  20.75" 53cm
D  21.25" 54cm
H  43"  109cm
SH 29.5"  75cm
WT 10.5# 4.76kg

Also available counter height
Brushed or polished aluminum
Powder coat colors



### HUDSWV-A
**Hudson Swivel Armchair**

W  24"  61cm
D  24"  61cm
H  32.5"-35" 83-89.4cm
SH 17.5"-20" 44-51cm
WT 21#  9.53kg

Seat height adjusts
Optional seat pad shown
Brushed or polished aluminum
Powder coat colors



### HUDROC
**Hudson Rocking Chair**

W  16.75" 43cm
D  23.5"  60cm
H  31.5"  80cm
SH 18.75" 48cm
WT 9.75# 4.42kg

Brushed or polished aluminum
Powder coat colors

THE HUDSON COLLECTION.  DESIGNED BY STARCK.  NAMED FOR A HOTEL.  DISPLAYED IN THE MUSEUM OF MODERN AR



## HUDSTACK
**Hudson Stacking Chair**

W  17.5"   44cm
D  20.75"  53cm
H  33"     84cm
SH 18"     46cm
WT 9.5#    4.31kg

Stacks 4 high
Brushed aluminum only



## HUDCTR-24
**Hudson Counter Stool**

W  17.75"  43cm
D  20.75"  53cm
H  37"     94cm
SH 24"     61cm
WT 9#      4.08kg

Also available with arms
Brushed or polished aluminum



## HUDBARST-30
**Hudson Stacking Barstool**

W  18"     46cm
D  21.5"   55cm
H  43"     109cm
SH 29.5"   75cm
WT 11#     4.99kg

Stacks 4 high
Also available counter height
Brushed aluminum only



## HUDSWV
**Hudson Swivel Chair**

W  24"        61cm
D  24"        61cm
H  32.5"-35"  83-89.4cm
SH 17.5"-20"  44-51cm
WT 20.5#      9.30kg



Seat height adjusts
Brushed or polished aluminum
Powder coat colors



## HUDROC-A
**Hudson Rocking Armchair**

W  20.75"  53cm
D  23.5"   60cm
H  31.5"   80cm
SH 18.75"  48cm
WT 10.5#   7.7kg

Brushed or polished aluminum
Powder coat colors

## STANDARD FINISHES

**UPHOLSTERY**
BLACK VINYL   BLACK VOLO LEATHER




**POWDER COAT**
RED TRANSPARENT, BLUE TRANSPARENT,
WHITE SOLID, BLACK MATTE SOLID OR CLEAR





LEEK UPDATE, HAND-MADE WITH CLASSIC CRAFT.  IMPERVIOUS TO CORROSION, RUST AND TRENDS. WWW.EMECO.NET

Micah Series



*Seating's only half the story.*



From our stunning dining chairs to our high-profile barstools, The Micah
Series from MTS really makes an impression. Each features a lightweight, high
strength aluminum frame with your choice of 10 brushed finishes or more than
20 standard MTS powdercoat colors, and is backed by a 5-year structural frame
warranty. Available COMFORTweb® upholstered seats and optional textile
selections allow you to dress Micah up for whatever your space demands.



c. *10/2-30 Micah Barstool with*
   *COMFORTweb® Upholstered Seat*
   *18"w x 22-1/4"d x 45"h*

d. *10/2 Micah Chair with*
   *COMFORTweb® Upholstered Seat*
   *18"w x 22-1/4"d x 33-3/4"h*

### Smooth Operator

Admit it. You can't look away. The smooth, brushed aluminum finish.
The sleek architectural style. The Micah series from MTS always brightens
up a room – from Club Chic to public food courts to a trendy trattoria.
And whatever's on the menu, Micah serves up a refreshing change from
everyday fare, with its own distinctive mix of stylish flare and bold character.
Go ahead, take a seat and make a statement.



*a. 10/1-30 Micah Aluminum Seat Barstool*
18"w x 22-1/4"d x 45"h

*b. 10/1 Micah Aluminum Seat Chair*
18"w x 22"d x 33-3/4"h

Micah designed by Bruce Sienkowski / 2B Studio – patents pending

## Brushed Aluminum Finishes







*Natural Gloss (Specify BNL)*
*Natural Matte (Specify BNM)*

*Brass (Specify BBR)*

*Candy Apple Red (Specify CAR)*

*Candy Apple Green (Specify CAG)*

*Candy Apple Blue (Specify CAB)*






*Mahogany Gloss (Specify BMH)*
*Mahogany Matte (Specify BMM)*

*Chestnut (Specify BCH)*

*Copper (Specify BCP)*

*Gold (Specify BGD)*

*For MTS Powdercoat color options, please refer to the MTS Color Selector or contact your MTS representative.*



10/1



10/1-30



10/2



10/2-30

### A Virtual Universe Of Seating Solutions

When it comes to hospitality, we furnish it all. Style, comfort, performance and value - at your fingertips. Visit our comprehensive website for the big picture in turnkey solutions for every seating setting. Discover the performance engineering and ergonomics today's hospitality industry demands. And the design impact to make a lasting statement from whimsical, to romantic to retro to regal. Pull up a seat and log on to **www.mtsseating.com** for the whole story.

## www.mtsseating.com | Bring style, comfort, performance, and value right to your desktop.

**Restaurant** | **Lobby** | **Lounge** | **Guest Room** | **Dining Room** | **Banquet** | **Convention**



### The MTS Representative in your area is:





MTS Seating
7100 Industrial Drive
Temperance, MI 48182
734-847-3875
FAX: 800-329-0687
www.mtsseating.com

©2004 MTS Seating
Pub. No.: MTSL_662/04/2004/10M

# HESLIN ROTHENBERG FARLEY & MESITI P.C.

## INTELLECTUAL PROPERTY LAW

PATENTS • TRADEMARKS • COPYRIGHTS

Attorneys at Law
5 Columbia Circle
Albany, New York 12203
Telephone: (518) 452-5600
Facsimile: (518) 452-5579
www.hrfmlaw.com

Robert E. Heslin
Jeff Rothenberg
Kevin P. Radigan
Susan E. Farley
Nicholas Mesiti
Philip E. Hansen*
Blanche E. Schiller
Wayne F. Reinke
David P. Miranda

* Patent Agent

Kathy Smith Dias
Mary Louise Gioeni
David A. Pascarella
Victor A. Cardona
Lee Palmateer
John Pietrangelo*
Brett M. Hutton
Stephen M. Hladik
Edward Timmer
Alana M. Fuierer

Martha L. Boden
Jill M. Breedlove
Of Counsel

August 11, 2004

**Via Facsimile (734) 913-6007**
**and Confirmation via First Class Mail**

Douglas L. Wathen, Esq.
Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.
101 North Main, Suite 800
Ann Arbor, Michigan 48104-1476

> Re:   MTS Seating's Micah Chairs
>         Our File No.: 1718.018
>         Your File No. MTU-22180-01

Dear Mr. Wathen:

We have carefully reviewed your letter of July 20, 2004, along with the materials provided therewith. However, despite your attempt to highlight some subtle differences between the Micah chair and Emeco's commercial embodiments, we continue to maintain that MTS infringes Emeco's design patents.

In response to your letter, we consider your focus on insignificant differences between the Micah chair and the Emeco Hudson chair as improper and inappropriate. These alleged differences are only noticeable to a skilled designer and only after a lengthy detailed side-by-side comparison, which took you more than 9 weeks to point out. As you undoubtedly know, any alleged differences between the Micah chair and the Emeco Hudson chair are irrelevant for infringement purposes. In contrast, a proper comparison of the Micah chair and Emeco's *design patents* leads to only one conclusion -- infringement.

Moreover, the Micah chair does not need to be identical to the Emeco design patents to infringe the same. *Litton Sys. Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed.Cir. 1984) (minor differences between a design patent and an accused design will not prevent a finding of infringement). Again, your list of alleged differences focuses on Emeco's commercial embodiments rather than the actual design patents at issue. For example, the Emeco design patents actually show a trapezoidal shaped back (see Fig. 3 of the '467 patent). Also, the Emeco

Douglas L. Wathen, Esq.
August 11, 2004
Page 2 of 3

design patents *do not claim the back of a chair*, as suggested by your letter. Further, any subtle differences you claim exist in the front and back legs and seat of the Micah chair and the Emeco design patents would still deceive an ordinary observer, giving such attention as a purchaser usually gives, to conclude that the two designs are substantially the same, "inducing him to purchase one supposing it to be the other." In fact, we are prepared to prove that past Emeco customers are purchasing the Micah chair as a direct replacement for the Emeco protected chair.

Finally, the "reinforcement bars" on the Micah chair, by your own admission, serve a functional purpose and would not be a part of the claimed designs anyway. The inclusion of these basic reinforcement bars in the Micah chair does not avoid infringement, especially when used for their intended purpose (i.e. to reinforce the front and back legs) and are common in chair designs. As proof we are correct, we direct your attention to FIGS. 3 and 4 of design patent '282, which included a stretcher among other embodiments, which by necessity mean they are not patentably distinct.

In addition to design patent infringement, Emeco has protectable trade dress in its Hudson chair, as this chair is very famous having achieved secondary meaning in the marketplace. For example, this chair design, in its short time is very well known as a design by the ultra famous designer, Philippe Starck, and is displayed in the permanent collection at the Museum of Modern Art. Consumers, whether consciously or not, are impressed enough by Emeco's original design in these chairs that upon seeing this Micah chair, that they believe they are associated equivalents of the affiliated Emeco chairs.

Further, MTS's choice of material, configuration and finish all attempt to exploit the fame of Emeco's Hudson chair designs. In your letter, you claim that the Micah chair is a result of MTS's "extensive design efforts" and that MTS was seeking a design with an "architectural feel". However, MTS's brochure promotes these chairs as lightweight, high strength and having a brushed aluminum finish, which is identical to Emeco's promotion of their Hudson chairs. It is inconceivable that MTS did not copy directly from Emeco's design. In reality, any alleged differences between the Micah chair and the Emeco design are a direct result of MTS's effort to reduce tooling and production costs, not the result of "extensive design efforts." Emeco's craftsmanship, designs, structure, quality and long term durability (e.g. lifetime guarantee) of the Hudson chair is diminished when purchasers view the workmanship, structure and durability (e.g. five-year warranty) of the Micah chair. The appearance and promotion of the Micah chair by MTS creates confusion with Emeco's Hudson chair both before and after the point of sale, and/or is likely to cause mistake, and/or is likely to deceive the buyer.

Please do not consider Emeco's attempt to resolve this matter without legal action up to this point to imply any lack of resolve or commitment to enforcing its right to its designs though litigation, if necessary. Emeco has been very patient, perhaps too patient, in its efforts to resolve this very serious issue without legal action. Therefore, we provide your client one more opportunity to satisfy the demands of our client set forth in my original letter dated May 26, 2004. If this matter is not resolved to Emeco's satisfaction by August 26, 2004, we shall assume that MTS has no desire to resolve this matter amicably.

Douglas L. Wathen, Esq.
August 11, 2004
Page 3 of 3

*These demands are made without prejudice to all other rights Emeco has including injunctive relief, punitive damages and/or attorneys' fees. We need to move on this quickly now as we waited for several months for your substantive reply.*

Sincerely,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

Susan E. Farley

cc:   Mr. Gregg Buchbinder, Emeco Industries, Inc.

LAW OFFICES

ERNEST I. GIFFORD (3)
ALLEN M. KRASS
IRVIN L. GROH (1,2)
DOUGLAS W. SPRINKLE
THOMAS E. ANDERSON (3)
RONALD W. CITKOWSKI
JUDITH M. RILEY
JULIE A. GREENBERG
DOUGLAS J. McEVOY
JOHN G. POSA
DOUGLAS L. WATHEN
AVERY N. GOLDSTEIN, PH.D.
MARK D. SCHNEIDER
BEVERLY M. BUNTING
LIONEL D. ANDERSON
ANGELA M. DAVISON
GILBERT R. GABO

OF COUNSEL
ROBERTA J. MORRIS, PH.D. (4)

PATENT AGENTS
MARTIN S. BANCROFT, PH.D.
JULIE K. STAPLE, PH.D.

# GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C.
PATENT, TRADEMARK AND COPYRIGHT PRACTICE
101 NORTH MAIN, SUITE 800
ANN ARBOR, MICHIGAN 48104-1476

(734) 913-9300
FACSIMILE (734) 913-6007
info@patlaw.com

July 20, 2004

Our File No. MTU-22180/01

ALFRED L. PATMORE, JR.
(1929-1997)

BIRMINGHAM OFFICE
280 N. OLD WOODWARD AVE.
SUITE 400
BIRMINGHAM, MICHIGAN 48009-5394
(248) 647-6000
FACSIMILE (248) 647-5210

FLORIDA OFFICE
101 WEST VENICE AVE., SUITE 28
VENICE, FLORIDA 34285
(941) 488-4245
FACSIMILE (941) 484-5258

ALSO ADMITTED IN:
(1) WISCONSIN
(2) OHIO
(3) FLORIDA
(4) NEW YORK



RECEIVED
JUL 2 2 2004
HESLIN ROTHENBERG
FARLEY & MESITI P.C.

Ms. Susan E. Farley
Heslin, Rothenberg, Farley & Mesiti, PC
5 Columbia Circle
Albany, New York 12203

**Re:   Emeco's Hudson Chairs**

Dear Ms. Farley:

We have now had an opportunity to compare Emeco Industries' design patents, referenced in your May 26, 2004 letter, with MTS Seatings' Micah Series chair. We have concluded that MTS's Micah chair does not infringe either of the Emeco design patents, as the Micah chair has an appearance distinctly different than the design of Emeco's Hudson chair or the design shown in the design patents. We have enclosed several photographs of the actual Micah chair for your reference. These photos help to illustrate the distinctive differences between the chair designs. The following is a list of some of the distinctions we note, though it is by no means exhaustive:

- The Hudson chair and the design patents both show a chair with a broad rectangular back. The Micah has a substantially more petite back with a distinctive trapezoidal shape. This is a particularly striking visual difference.

- The Hudson chair, and the design patents, have a closed back such that the chair has a smooth appearance from the rear. The Micah chair, on the other hand, has an open back such that the frame members of the chair back are visible. This again is a distinctive visual difference between the designs.

- The Hudson chair and the design patents show tapered front legs with smoothly curved outer corners while the Micah has non-tapered square legs with outer corners that are squared off.

- The Hudson chair has a sculpted seat generally referred to as a "saddle" seat, whereas the Micah has a radius contour seat creating a distinct visual difference.

**GIFFORD, KRASS, GROH, SPRINKLE,**
**ANDERSON & CITKOWSKI, P.C.**

Ms. Susan E. Farley
July 20, 2004
Page 2

- The Micah chair has leg reinforcement bars extending front to back between the legs. The Hudson chair and the design patents show no reinforcement bars whatsoever, creating a distinctly different look.

- The chairs have different rear leg designs. The Hudson chair and the design patents show a rear leg with a soft sweep arc to the rear leg, while the MTS Micah has a sharp angled design, which again creates a distinct visual appearance.

The above distinctions combine to create a chair with a distinctly different overall impression than the Hudson chair or the designs that are the subject of Emeco's design patents. U.S. Design Patent No. D460,282 appears particularly irrelevant, since it is directed to a stack chair with the rear edge of the seat spaced inboard of the chair legs.

We also note that it appears that both patents are entitled to very limited scope, since the seats and legs appear identical to the base of Emeco's Navy chair, which is unpatented.

While MTS Seating is willing to discuss this matter further, we see no reason to cease offering the Micah line of chairs. As you probably know, MTS Seating owns a significant number of both design and utility patents and is known as an innovator in this field. As such, MTS Seating respects the valid intellectual property rights of its competitors. The Micah chair is not a copy of Emeco's Hudson chair, as you suggest, but is rather the result of MTS's extensive design efforts. MTS was seeking a design with an architectural feel, with sharp, crisp lines. Their efforts resulted in a chair with a unique visual appearance, and that is easily distinguished from Emeco's Hudson chair.  Any attempt to illegitimately enforce Emeco's design patent will be met with a vigorous defense.

Unless we hear from you to the contrary, we will assume that this matter is resolved.

Very truly yours,

Douglas L. Wathen

DLW/aka
Encl.
cc: P. Swy
     E. Gifford, Esq.

# HESLIN ROTHENBERG FARLEY & MESITI P.C.

Robert E. Heslin
Jeff Rothenberg
Kevin P. Radigan
Susan E. Farley
Nicholas Mesiti
Philip E. Hansen*
Blanche E. Schiller
Wayne F. Reinke
David P. Miranda

*Patent Agent

**INTELLECTUAL PROPERTY LAW**

PATENTS • TRADEMARKS • COPYRIGHTS

Attorneys at Law
5 Columbia Circle
Albany, New York 12203
Telephone: (518) 452-5600
Facsimile: (518) 452-5579
www.hrfmlaw.com

Kathy Smith Dias
Mary Louise Gioeni
David A. Pascarella
Victor A. Cardona
Lee Palmateer
John Pietrangelo*
Brett M. Hutton
Stephen M. Hladik
Edward Timmer
Alana M. Fuierer

Martha L. Boden
Jill M. Breedlove
Of Counsel

May 26, 2004

Mr. Philip P. Swy, President
MTS Seating
7100 Industrial Drive
Temperance, MI 48182

**VIA FEDERAL EXPRESS**

Re:   Patent Infringement of Emeco's Hudson Chairs
        Our File No.:  1718.018

Dear Mr. Swy:

Our firm represents Emeco Industries, Inc., a manufacturer of the chairs, in intellectual property matters.

It has come to our attention that MTS Seating is unlawfully manufacturing, promoting, distributing, offering for sale and/or selling unauthorized reproductions of Emeco's Hudson Chair in violation of Emeco's design patent rights.  The Hudson chair is patented under U.S. Design Patent Nos. D458,467 and D460,282, copies of which are enclosed.  Also enclosed is a photocopy of Emeco's 6-page brochure for the Hudson Chair Collection.

MTS Seating's unauthorized reproduction, as illustrated in the attached photocopy of a 4-page brochure of your company for the MTS Seating's Micah Series line of chairs, constitutes, inter alia, a violation of 35 U.S.C. §271 (The Patent Act).  And, we obviously do not foreclose the possibility that your company is conducting other activities which also infringe Emeco's rights.

In order to successfully resolve this matter without litigation, Emeco requires the following from MTS Seating:

1)   Immediately cease all manufacturing, promoting, distributing, reproducing, displaying, offering for sale and/or sale of the Micah Chair (or any confusingly similar chair) in the United States or otherwise;

2)   Immediately withdraw from circulation all catalogues and all other advertisements, including website advertisements, containing Emeco's designs, including any advertisements for the Micah Chair;

Mr. Philip P. Swy, President
MTS Seating
May 26, 2004
Page 2

3)    Immediately cancel all outstanding orders for and recall and destroy all existing Micah Chairs in its custody or control;

4)    Provide us with an accounting of all Micah Chairs sold by or for MTS Seating from which we can calculate damages, including the number of units sold and the total dollar amount that MTS Seating received from such sales; and

5)    Identify all parties involved in this infringement, including without limitation the furniture manufacturers and distributors that supply or have supplied MTS Seating with the Micah Chair.

In addition to corporate liability, any officer or director who knowingly participates in, sanctions, aids or abets any knowing infringement of a U.S. Patent is also jointly and severally personally liable for any and all compensatory damages, and other ancillary damages, including but not limited to reasonable attorney's fees in an exceptional case.

While we recognize the need to move quickly on this matter, we are offering you until **5:00 pm on June 8, 2004** to consider this matter and evaluate its options. It is our hope that during this evaluation, you will consider alternatives to litigation; however, please be equally assured that Emeco stands ready to act in the unfortunate event that it needs to address this issue through litigation.

The above demands are made without prejudice to all of the rights, remedies and causes of action that Emeco has, including recovery of damages, injunctive relief and attorneys' fees. We look forward to your prompt response.

Very truly yours,

HESLIN ROTHENBERG FARLEY & MESITI P.C.

*Susan E. Farley*

Susan E. Farley

SEF/DAP/lmc
Encls.

cc:    Mr. Gregg Buchbinder, Emeco Industries, Inc.



US00D458467S



(12) **United States Design Patent** 

Starck

(10) Patent No.: **US D458,467 S**

(45) Date of Patent: ** **Jun. 11, 2002**

(54) **CHAIR**

(75) Inventor: **Philippe Starck**, Issy les Moulineaux (FR)

(73) Assignee: **Emeco Industries, Inc.**, Hanover, PA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/121,536**

(22) Filed: **Apr. 7, 2000**

(51) LOC (7) Cl. ............................................ **06-01**

(52) U.S. Cl. .................................... **D6/374; D6/380**

(58) Field of Search .................... D6/334, 335, 360, D6/370, 374, 375, 379, 380, 500, 501, 502; 297/445.1, 446.1

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D208,976 | S | * 10/1967 | Moeckl | D6/374 |
| D238,990 | S | * 3/1976 | Galvez | D6/374 |
| D256,970 | S | * 9/1980 | Cassina | D6/334 |
| D292,656 | S | * 11/1987 | Masterton | D6/370 |
| D340,365 | S | * 10/1993 | Hess | D6/370 |
| D357,592 | S | * 4/1995 | Kellen | D6/360 |
| D357,594 | S | * 4/1995 | Kellen | D6/374 |
| D390,026 | S | * 2/1998 | Biecher | D6/375 |

| | | | | |
|---|---|---|---|---|
| D399,667 | S | * 10/1998 | Muller | D6/370 |
| D409,848 | S | * 5/1999 | Staubach et al. | D6/334 |
| D426,972 | S | * 6/2000 | Bellini | D6/375 |
| D431,380 | S | * 10/2000 | Hutton | D6/360 |

OTHER PUBLICATIONS

Starck, pending U.S. patent application Ser. No. 29/136,710, filed Feb. 16, 2001, entitled "CHAIR".

Emeco chair brochure, tri–fold color (total of 6 pages, front and back) ;published at least as early as Apr. 6, 2000.

* cited by examiner

*Primary Examiner*—Gary D. Watson

(74) *Attorney, Agent, or Firm*—Heslin Rothenberg Farley & Mesiti P.C.

(57) **CLAIM**

The ornamental design for a chair, as shown and described.

**DESCRIPTION**

FIG. 1 is an isometric view of a first embodiment of a chair comprising my new design;

FIG. 2 is a top plan view thereof;

FIG. 3 is a front elevational view thereof; and,

FIG. 4 is a left side elevational view thereof, the right side being a mirror image thereof.

**1 Claim, 2 Drawing Sheets**





*FIG. 1*



## FIG. 2



## FIG. 3



## FIG. 4



US00D460282S



(12) **United States Design Patent**     (10) Patent No.: **US D460,282 S**

Starck     (45) Date of Patent: ∗∗ **Jul. 16, 2002**

(54) **CHAIR**

(75) Inventor: **Philippe Starck**, Issy les Moulineaux (FR)

(73) Assignee: **Emeco Industries, Inc.**, Hanover, PA (US)

(∗∗) Term: **14 Years**

(21) Appl. No.: **29/152,531**

(22) Filed: **Dec. 20, 2001**

**Related U.S. Application Data**

(62) Division of application No. 29/121,536, filed on Apr. 7, 2000.

(51) LOC (7) Cl. ...................................................... **06-01**
(52) U.S. Cl. ............................ **D6/374**; D6/360; D6/379
(58) **Field of Search** ......................... D6/334, 360, 374, D6/375, 379, 380, 500, 501, 502; 297/446.1

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D208,976 S | 10/1967 | Moeckl | D15/1 |
| D238,990 S | 3/1976 | Galvez | D6/78 |
| D256,970 S | 9/1980 | Cassina | D6/66 |
| D292,656 S | 11/1987 | Masterton | D6/370 |
| D340,365 S | 10/1993 | Hess | D6/370 |
| D357,592 S | 4/1995 | Kellen | D6/360 |
| D357,594 S | 4/1995 | Kellen | D6/374 |
| D390,026 S | 2/1998 | Biecher | D6/375 |
| D399,667 S | 10/1998 | Muller | D6/370 |
| D409,848 S | 5/1999 | Staubach et al. | D6/334 |

| | | | |
|---|---|---|---|
| D426,972 S | 6/2000 | Bellini | D6/375 |
| D431,380 S | 10/2000 | Hutton | D6/360 |

OTHER PUBLICATIONS

Schöner Wohnen, p. 74, miniature chair as marked, Apr. 1999.∗

Emeco chair brochure, tri–fold color (total of 6 pages, front and back); published at least as early as Apr. 6, 2000.

Starck, pending U.S. patent application, Ser. No. 29/136, 710, filed Feb. 16, 2001, entitled "chair".

Starck, pending U.S. patent application, Ser. No. 29/121, 536, filed Apr. 7, 2000, entitled "chair".

∗ cited by examiner

*Primary Examiner*—Gary D. Watson
(74) *Attorney, Agent, or Firm*—Heslin Rothenberg Farley & Mesiti P.C.

(57)     **CLAIM**

The ornamental design for a chair, as shown and described.

**DESCRIPTION**

FIG. 1 is an isometric view of a first embodiment of a chair comprising my new design;

FIG. 2 is an isometric view of a second embodiment of a chair comprising my design;

FIG. 3 is an isometric view of a third embodiment of a chair comprising my new design; and,

FIG. 4 is an isometric view of a fourth embodiment of a chair comprising my new design.

The broken line foot rest is shown for environmental purposes only and forms no part of the claimed design.

**1 Claim, 4 Drawing Sheets**





*FIG. 1*



*FIG. 2*



*FIG. 3*

**U.S. Patent**     Jul. 16, 2002     Sheet 4 of 4     US D460,282 S



*FIG. 4*

Wed Sep 15 14:36:17 2004

UNITED STATES DISTRICT COURT

SCRANTON        , PA

Receipt No.   111 141744
Cashier        jill

Check Number:  132898

DO Code    Div No
  4667       1

Sub Acct Type Tender     Amount
0:510000  N     2         90.00
1:086900  N     2         60.00

Total Amount        $    150.00

MCNEES WALLACE & NURICK P.O. BOX 11
66 HBG., PA 17108

    FILING FEE FOR COMPLAINT IN CV-04-2
039

cn