UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMECO INDUSTRIES, INC.<br><br>  Plaintiff,<br><br>v.<br><br>MICHIGAN TUBE SWAGERS, INC.<br>D/b/a MTS SEATING, INC.<br>  Defendant. | Case No. 1:CV 04-2039<br>(J. Conner)<br><br>FILED<br>HARRISBURG, PA<br>JUL 2 0 2005<br>MARY E. D'ANDREA, CLERK<br>Per _____<br>Deputy Clerk |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

WHEREAS, the above-captioned action was commenced by Emeco Industries, Inc. (hereinafter "Plaintiff") filing a Complaint against Michigan Tube Swagers, Inc., d/b/a MTS Seating, Inc. ("Defendant") in the United States District Court for Middle District of Pennsylvania on September 15, 2004; and thereafter filing an amended Complaint on (Hereinafter referred to as Plaintiff's Lawsuit); and

WHEREAS, on November 24, 2004, the Hon. Judge Arthur J. Tarnow, dismissed without prejudice a declaratory judgment action filed by the Defendant in this case in the Federal District Court for the Eastern District of Michigan, Southern Division, (hereinafter "Defendant's Lawsuit") stating that the parties should seek its remedies in this Court for the matters raised in the complaint filed by Defendant in the Federal District Court for the Eastern District of Michigan, Southern Division; and

WHEREAS, it appearing that on June 3, 2005, the Plaintiff and Defendant in order to avoid all further litigation agreed upon the terms for a resolution of all the claims asserted by the Plaintiff in the Complaints, all Defenses and Counterclaims by the Defendant

-1-

asserted in its answers, in both the Plaintiff's Lawsuit and the Defendant's Lawsuit as identified above, it is

**ORDERED, ADJUGED AND DECREED**, that the following Judgment and Permanent Injunction is hereby granted and such Judgment and Permanent Injunction is hereby ordered and entered as the Final Judgment in this action:

1.) The Defendant and all persons acting in concert or participation with it, or persons purporting to act on its behalf, including but not limited to any officers, directors, stockholders, partners, owners, agents, representatives, joint ventures, designers, distributors, employees, attorneys, successors, and assigns, and anyone receiving notice hereof, is hereby enjoined from:

(a) Advertising, manufacturing, inducing the manufacture or, distributing, selling, offering for sale, marketing, disclosing or promoting in any way a chair design irregardless of seating material or color or finish type, as manufactured and/or sold by Emeco and presently identified by Emeco as Hudson or 1006/Navy Chairs and shown for illustrative purposes on **Exhibit A**, or anything substantially or confusingly similar thereto, or

(b) Advertising, manufacturing, inducing the manufacture or, distributing, selling, offering for sale, marketing, disclosing or promoting in any way the chairs as manufactured and/or sold by MTS and presently identified by the MTS as its Micah or 809 Chairs irregardless of seating material or color or finish type and shown for illustrative purposes on **Exhibit B**, or anything substantially or confusingly similar thereto; or

(c) Continuing, pursuing, engaging or availing themselves of any contract or other business opportunity created or fostered either in whole or in part to advertise,

manufacture, induce the manufacture of, distribute, sell, offer for sale, or promote in any way any chair designed, manufactured and/or sold by MTS as shown on **Exhibit "B;"** and

2.) The Defendant shall recall and destroy all chairs Shown on Exhibit B within Defendant's or its agents' or distributors' or representatives' control and

3.) The Defendant shall report, in writing, under oath, to the Court that such delivery and destruction occurred within 120 days of the date of this Order, and

### *AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED* that:

4.) The Patents at issue in this case, namely US D 460, 282 and US D458, 467 are valid and enforceable; and

5.) The registered Trademark at issue in this case, namely US Trademark Registration No. 2,511,360 is valid and enforceable; and

6.) The unregistered Trademark at issue in this case, namely the Trade Dress configuration of Emeco's Hudson Chair is valid and enforceable, having acquired distinctiveness and being a non-functional configuration of a chair design; and

7.) A violation of this order will result in irreparable harm and a likelihood of confusion; and

8.) This order resolves *with prejudice* all claims, defenses or counterclaims raised by either party in Plaintiff's Lawsuit and in Defendant's Lawsuit as defined above and this action is hereby dismissed without costs, each side bearing its own, except that this Court SHALL retain jurisdiction over the enforcement of this Consent Judgment and Permanent Injunction and/or any agreement executed in conjunction herewith and if enforcement of this ORDER or said Agreement is

necessary, then reasonable attorneys fees and expenses will be ordered to be paid by the party found in violation.

*(signature)*

Honorable Judge Christopher C. Conner
United States District Judge

Date: 7|20|05

With Consent:

MCNEES WALLACE & NURICK LLC

By: *(signature)*
Harvey Freedenberg, Esq.
Attorneys for Plaintiff
100 Pine Street, P.O. Box 1166
Harrisburgh, PA 17108-1166
Telephone: (717) 237-5267
Facsimile: (717) 237-5300

WOLF, BLOCK, SCHORR &
SOLIS-COHEN LLP

By: *(signature)*
Mark S. Stewart, Esq.
Attorneys for Defendant
212 Locust Street, Suite 300
Harrisburgh, PA 17101
Telephone: (717) 237-7160
Facsimile: (717) 237-7161

# EXHIBIT A



Emeco's Hudson Chair



Emeco's Navy Chair (1006)




The Hudson Chair                    The Navy Chair

-6-

# EXHIBIT B

  

**MTS' MICAH CHAIR AT TIME OF LITIGATION**

 

**MTS' 809 CHAIR AT TIME OF LITIGATION**